UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY J. DEEBS,
WILLIAM DRAKE,

        Plaintiffs,

                <u>DECISION AND ORDER</u>

                06-CV-6176L

     v.

ALSTOM TRANSPORTATION, INC.,

        Defendant.
_____

   This is an appeal by defendant, Alstom Transportation, Inc. ("Alstom"), from an order of United States Magistrate Judge Marian W. Payson, entered September 6, 2006, granting plaintiffs' motion to amend the complaint.

   As is the practice here, this Court referred all pretrial proceedings to Magistrate Judge Payson pursuant to 28 U.S.C. § 636(b). Pursuant to that referral, Magistrate Judge Payson met with counsel for the parties in a Rule 16 conference and entered an order regarding prosecution of the case. Included in that order was a requirement that motions to amend pleadings should be filed before July 7, 2006.

   The gist of this motion, which has been fully briefed, argued before Magistrate Judge Payson and now appealed to the District court, involves a 7-day delay in filing a motion to amend. Magistrate Judge Payson's scheduling order required such a motion to be filed by July 7 and, in Alstom's view, because that motion was not filed until 7 days later, Magistrate Judge Payson's order

allowing the amendment was clearly erroneous and contrary to law. I disagree, and see no basis whatsoever to reverse or modify Magistrate Judge Payson's order allowing the amendment.

Magistrate Judge Payson entered the order requiring a deadline for filing motions to amend the complaint. Surely, Magistrate Judge Payson has discretion to modify her own order to provide for efficient management of this civil proceeding. Of course, the standard is not whether the Judge abused her discretion, but whether her decision was "clearly erroneous and contrary to law." At this early stage of the litigation the amendment is a reasonable one and, in fact, I believe it would be clearly erroneous for Magistrate Judge Payson to have failed to grant the requested relief.

It is not uncommon for retaliation claims to accrue somewhat later than the original discriminatory acts, and it is not uncommon for such claims to be joined together in a single proceeding.

I suppose that plaintiffs had the option of commencing a second, new action alleging the retaliation claim which most likely either *sua sponte*, or on application, would have been consolidated for both discovery and trial with the instant action.

CONCLUSION

Defendant's objection to and appeal from United States Magistrate Judge Marian W. Payson's Order of September 6, 2006, (Dkt. #16), is in all respects denied. Magistrate Judge Payson's Order is affirmed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 17, 2006.